UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:19-CR-060 |
| | ) | |
| WHITNEY NICHOLE CLARK | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 444]. The United States has responded in opposition to the motion [docs. 461, 465] and the defendant has not submitted a reply within the time allowed by this court's Local Rules.

The motion is now ripe for the Court's consideration. For the reasons provided below, the motion will be denied.

### I. BACKGROUND

In February of this year, this Court sentenced the defendant to a 48-month term of imprisonment for conspiring to distribute methamphetamine. The defendant is presently housed at FCI Tallahassee with a scheduled release date of August 14, 2023. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 17, 2020). She now moves for immediate compassionate release due to the COVID-19 pandemic, hepatitis C, asthma, and a history of endocarditis and congestive heart failure.

### II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and

compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move

2

for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id*. at *2 (citations omitted).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). If such reasons are shown, the Court must then determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). If the Court so finds, the Court must then consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

The defendant has previously submitted a request for compassionate release to the BOP, and more than 30 days have passed since that request was received by her warden. [Doc. 444, ex. 1]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

#### 1. Extraordinary and Compelling Reasons

Regarding a movant's threshold burden of demonstrating the existence of extraordinary and compelling reasons warranting compassionate release, the Application Notes to guideline 1B1.13 provide in material part:

3

> 1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

The Court construes the defendant's motion as relying on subsection (A)(ii)(I), requiring a serious physical or medical condition which substantially diminishes the movant's ability to provide self-care within the prison environment and from which the movant is not expected to recover. As extraordinary and compelling reasons, the defendant cites the COVID-19 pandemic, hepatitis C, asthma, and a history of endocarditis and congestive heart failure.

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility

4

Case 2:19-cr-00060-RLJ-CRW   Document 474   Filed 11/20/20   Page 4 of 9   PageID #: 2358

. . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

October 2020 BOP records filed by the United States document that the defendant suffers from asthma, for which she uses an inhaler once or twice a week. [Doc. 465]. Persons with *moderate to severe asthma* might be at higher risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 17, 2020). The defendant was treated for hepatitis C more than a year ago and currently "denies any problems." [Doc. 465]. BOP records do not mention cardiac issues, let alone congestive heart failure. [*Id.*]. Lastly, at an October 16, 2020 appointment, the defendant was noted to be "suspect/probable" for COVID-19 although test results three days prior were negative. [*Id.*].

In her 2020 Presentence Investigation Report ("PSR") interview, the defendant mentioned hepatitis C, dental issues, and weekly migraines. [Doc. 243, ¶ 44]. She also "informed she received medical treatment in approximately 2014, for endocarditis. She has had no further problems with this condition." [*Id.*]. The Court observes that these medical conditions did not keep the defendant from selling methamphetamine from her home in the instant conspiracy. [*Id.*, ¶¶ 9-11].

On the record before it, the Court concludes that the defendant's cited medical conditions are not of the severity contemplated by guideline 1B1.13's policy statement. *See, e.g., United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (medically managed serious health conditions, paired with a generalized fear of COVID-19, fell short of "extraordinary and compelling reasons" justifying compassionate release). The SENTRY Report shows that the defendant is categorized as Care Level 2. "Care Level 2 inmates are stable outpatients who require clinician evaluations monthly to every 6 months. Their medical . . . conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. Enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Nov. 17, 2020). The record before this Court simply contains no meaningful indication that the defendant's medical conditions limit her functioning to the degree contemplated by guideline 1B1.13's policy statement.

For these reasons, the Court finds that the defendant has not met her burden of showing that she suffers from a "serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Her motion must therefore be denied.

### 2. Danger to Any Other Person or to the Community

The defendant also has not shown that she would not be a danger if released. Guideline 1B1.13 provides that compassionate release is only appropriate where "the

6

defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has familiarized itself with the defendant's PSR. The Court has also considered the defendant's SENTRY Report.

SENTRY shows that the defendant has incurred no disciplinary sanctions during her very brief current period of incarceration. For that she is commended.

However, as noted, the defendant's medical conditions did not prevent her from selling methamphetamine from her home in this case. Additionally, she has a lengthy history of polysubstance abuse. [Doc. 243, ¶¶ 46-49]. While the defendant claims "a verifiable release plan" [doc. 444], she has not disclosed to the Court what that plan is.

On the record before it, the Court does not find that the defendant would not pose a danger to the safety of another person or the community if released at this time. For this additional reason, her motion must be denied.

### 3. Section 3553(a) Factors

The facts underlying a review of the 18 U.S.C. 3553(a) factors in this case are essentially the same as those considered in the preceding section of this memorandum. The defendant has served much less that half of the sentence imposed in this case. The requested sentence reduction would not reflect the seriousness of the offense of conviction, would not promote respect for the law or afford adequate deterrence, and would not adequately protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). For these additional reasons, the defendant's compassionate release request must be denied.

## III. CONCLUSION

As provided herein, the defendant's motion for compassionate release [doc. 444] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge